UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY HERNANDEZ** <br> 9350 SW 93rd Place <br> Miami, Florida 33176 <br><br> **Plaintiff,** <br><br> v. <br><br> **THE DISTRICT OF COLUMBIA** <br> A Municipal Corporation <br> 441 4th Street, N.W. <br> Washington, D.C. 20001, <br><br> **OFFICER LEONARD ROCCATO** <br> **DISTRICT OF COLUMBIA** <br> **METROPOLITAN POLICE DEPARTMENT** <br> Badge Number 2084 <br> Fifth District Police Station <br> 1805 Bladensburg Road, N.W. <br> Washington, D.C. 20002,              and <br><br> **THREE UNKNOWN AGENTS OF THE** <br> **DISTRICT OF COLUMBIA** <br><br> **Defendants.** | Civil Action No.: |

## COMPLAINT

Gregory Hernandez (also referred to herein as "Mr. Hernandez" and "Plaintiff"), by and through his attorneys, Steven J. McCool, Joseph T. Mallon, Jr. and Mallon & McCool, LLC, sues the District of Columbia, Metropolitan Police Department ("MPD") Officer Leonard Roccato, in his individual capacity and in his official capacity as an employee, agent and servant of the District of Columbia and the Metropolitan Police Department, and Three Unknown Agents of the District of Columbia, in their individual capacities and in their official capacities as employees, agents and

servants of the District of Columbia and the Metropolitan Police Department, and states as follows:

## PARTIES AND JURISDICTION

1. Gregory Hernandez is a resident of the State of Florida.

2. The Defendant District of Columbia is a municipal corporation charged with maintaining and operating the Metropolitan Police Department, its agents, employees and servants.

3. The individual Defendants, MPD Officer Leonard Roccato and the three unidentified agents of the District of Columbia are employees, servants or agents of the government of the District of Columbia. MPD Officer Roccato and the three unidentified agents are being sued in their individual and official capacities.

4. On May 31, 2005, pursuant to D.C. Code §12-309, Mr. Hernandez timely noticed his intention to file a claim against the District of Columbia.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343, D.C. Code §§ 11-921 and 13-423, this being an action authorized by law to redress the deprivation under the color of District of Columbia law, statute, ordinance, regulation, custom and a usage of right, privilege and immunity secured to the Plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff also invokes the supplemental jurisdiction of this Court over Plaintiff's state claims against the Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims are part of the same case or controversy. Venue is established in this Court pursuant to 28 U.S.C. § 1391, since the actions Plaintiff complains of occurred and arose in the District of Columbia.

**FACTUAL BACKGROUND**

6. The incidents giving rise to this civil action occurred at approximately 2:00 a.m. on or around March 12, 2005. On or about that date and time, Plaintiff, a Catholic University student, was inside Johnny K's, located at 3541 12th Street, N.W. Washington, D.C.

7. Inside Johnny K's, another patron, who was also a Catholic University student, knocked a drink out of Plaintiff's hand. Employees of Johnny K's escorted Plaintiff and the other patron outside of the establishment.

8. Outside, the patron struck Plaintiff in the face. Plaintiff did not fight back. Another employee of Johnny K's interceded and the altercation ended.

9. Notwithstanding, Officer Roccato ran up to Plaintiff from the rear and struck Mr. Hernandez on the head with a metal baton. One witness described the impact as sounding like a shotgun had been fired. Plaintiff repeatedly asked the officer to stop and said he did not do anything. Officer Roccato continued to strike the Plaintiff, and witnesses observed that he was bleeding profusely.

10. Witnesses yelled at Officer Roccato and told him to stop striking Plaintiff. One of the employees of Johnny K's told the officer that Plaintiff had done nothing wrong. She then observed Roccato and other officers push Plaintiff into a window and drag him down the street. She saw blood on the window and on the ground after they left. When asked to describe what she saw, the employee said, "it was a Rodney King beating."

11. Afterward, Officer Roccato refused to identify himself to any of the witnesses who asked for his name and badge number.

12. Acting in concert, the individual Defendants arrested Plaintiff, despite his innocence,

for Assaulting a Police Officer (Felony).

13. Plaintiff was transported from the scene to George Washington University Hospital. Plaintiff received 15 stitches, both subcutaneously and on the surface of his scalp, for lacerations to his head. He also suffered a fracture of the left frontal bone and a concussion.

14. Later that morning, around 3:00 a.m., three members of the Metropolitan Police Department went to Catholic University and spoke with the Johnny K's patron who was involved in the initial incident with the Plaintiff. The officers induced this witness to sign a false statement indicating Officer Roccato did not use excessive force against Plaintiff.

15. Acting in concert, the individual Defendants swore to a false complaint and caused Plaintiff to be charged in *United States v. Gregory Hernandez,* Criminal Case No. M-2340-05 with Assault (Misdemeanor).

16. Officer Roccato, in violation of the General Orders of the Metropolitan Police Department, presented the case to the Office of the United States Attorney for the District of Columbia for review.

17. Acting in concert, the individual Defendants secured this prosecution through a series of falsehoods and omissions, including, but not limited to: falsely attesting that Plaintiff pushed Officer Roccato, falsely attesting that Plaintiff clenched his fist and attempted to strike Officer Roccato, falsely attesting that Plaintiff raised his hands in an aggressive manner, falsely attesting that Plaintiff ignored police orders, omitting to tell prosecutors that Officer Roccato attacked Plaintiff without cause, omitting to inform prosecutors that Officer Roccato and others arrested Plaintiff without cause, omitting to inform prosecutors that every civilian witness disputed the

officers' version of the events leading up to the arrest of Plaintiff and inducing a witness to submit a false statement.

18. The United States dismissed this case prior to trial on July 28, 2005.

19. On November 14, 2005, Plaintiff moved to seal the records of his arrest in *United States v. Gregory Hernandez,* Criminal Case No. M-2340-05 under Rule 118 of the Superior Court Rules of Criminal Procedure. The United States did not oppose Plaintiff's motion.

20. On December 13, 2005, the Honorable Zinora M. Mitchell-Rankin, Associate Judge, Superior Court of the District of Columbia, granted Plaintiff's motion, finding by clear and convincing evidence that Plaintiff did not commit the offense for which he was arrested.

21. Plaintiff did not do or say anything that would lead a reasonable person in Officer Roccato's position to physically assault, handcuff, arrest and berate him. Officer Roccato did not have probable cause to arrest Plaintiff, nor did he have any reason to use force in dealing with Plaintiff. Plaintiff conducted himself as any reasonable person would in his position.

22. As a result of the incident, Mr. Hernandez suffered physical pain and injury at the hands of Officer Roccato, was falsely arrested, was physically restrained for an unreasonable duration, was humiliated, was deprived of his constitutional rights, suffered and continues to suffer extreme emotional distress, and has incurred significant medical expenses and legal expenses to defend himself against these false charges and to seal his criminal record.

## COUNT 1
### (Under 42 U.S.C. § 1983 for Denial of Civil Rights – Against Defendants District of Columbia, Roccato and Unidentified Defendants)

23. Plaintiff alleges paragraphs 1-22 as if fully set forth herein.

24. Acting under color of District of Columbia law, Defendants Roccato and other unidentified officers violated Plaintiff's rights secured under the Fourth and Fifth Amendments to the United States Constitution in the following ways:

25. They violated Plaintiff's rights under the Fourth Amendment by seizing and detaining him without reasonable articulable suspicion or probable cause.

26. They violated Plaintiff's rights under the Fourth Amendment by arresting him without probable cause.

27. They violated Plaintiff's rights under the Due Process Clause of the Fifth Amendment by instigating prosecution against him upon false and misleading statements and omissions.

28. They violated Plaintiff's rights under the Due Process Clause of the Fifth Amendment by ignoring and failing to investigate evidence that conclusively established his innocence and would have led to his release before March 13, 2005 or prevented his arrest in the first place.

29. As the foreseeable and proximate result of these violations, Mr. Hernandez has suffered substantial injury.

## COUNT 2
### (Assault – Against Defendants District of Columbia, Roccato, and Unidentified Defendants)

30. Plaintiff alleges paragraphs 1-29 as if fully set forth herein.

31. At all time relevant herein, Officer Roccato and the unidentified individual Defendants were acting within the scope of their employment by the District of Columbia.

32.     By physically striking Mr. Hernandez and throwing him into a wall, Officer Roccato intentionally caused a harmful and offensive bodily contact upon Plaintiff.

33.     By physically striking Plaintiff and throwing him into a wall, Officer Roccato, used excessive force, or force beyond that which he reasonably believed necessary under the circumstances.

34.     At the time Officer Roccato struck and physically restrained Plaintiff and pushed him into the wall, and at all times relevant to the complained of incidents, Mr. Hernandez posed no threat whatsoever to Officer Roccato.

35.     At the time Officer Roccato struck and physically restrained Plaintiff and pushed him into the wall, and at all times relevant to the complained of incidents, Officer Roccato did not have legal probable cause or any other justification to arrest, detain, injure or arrest Plaintiff.

36.     Defendant District of Columbia, by and through the conduct of Officer Roccato, intentionally and unlawfully committed harmful and offensive bodily contacts upon Mr. Hernandez.

37.     As a direct and proximate result of the intentional conduct of Officer Roccato, Plaintiff suffered physical pain and injury, anxiety, emotional distress, embarrassment and humiliation.

38.     As a direct result of the aforementioned conduct of the Defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 3
### (False Arrest – Against Defendant District of Columbia, Roccato, and Unidentified Defendants)

39. Plaintiff alleges paragraphs 1-38 as if fully set forth herein.

40. At all time relevant herein, Officer Roccato and the unidentified individual Defendants were acting within the scope of their employment by the District of Columbia.

41. Officer Roccato and other unidentified Defendants falsely, unlawfully and intentionally detained and arrested Mr. Hernandez.

42. At no time did Officer Roccato have a good faith reasonable belief in the validity of the arrest or detention of Plaintiff.

43. At no time did Officer Roccato have probable cause to arrest or detain Plaintiff.

44. At no time did Officer Roccato have a reasonable belief or suspicion that Plaintiff actually committed any offense or illegal act.

45. Defendant District of Columbia, by and through the conduct of Officer Roccato, falsely, unlawfully, and intentionally detained and arrested Mr. Hernandez.

46. As a direct and proximate result of the intentional conduct of Officer Roccato, Plaintiff suffered physical pain and injury, anxiety, emotional distress, embarrassment and humiliation.

47. As a direct result of the aforementioned conduct of the Defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 4
### (Intentional Infliction of Emotional Distress - Against Defendant District of Columbia, Roccato, and Unidentified Agents)

48. Plaintiff alleges paragraphs 1-47 as if fully set forth herein.

49. At all time relevant herein, Officer Roccato and the unidentified individual Defendants were acting within the scope of their employment by the District of Columbia.

50. Officer Roccato intentionally inflicted emotional distress, pain, embarrassment, humiliation, and fear upon Mr. Hernandez by his extreme and outrageous conduct toward Plaintiff.

51. Officer Roccato intentionally or recklessly abused his authority as an MPD officer to intimidate, threaten, demean, and injure Plaintiff.

52. Officer Roccato's actions were calculated to inflict pain, fear, anxiety, emotional distress, embarrassment, and humiliation upon Plaintiff.

53. Officer Roccato knew or should have known that Mr. Hernandez would suffer emotional distress as a result of his conduct.

54. Defendant District of Columbia, by and through the conduct of Officer Roccato and the other unidentified Defendants, intentionally inflicted emotional distress, pain, embarrassment, humiliation, and fear upon Plaintiff.

55. As a direct and proximate result of the intentional conduct of the Defendants, Plaintiff suffered and continues to suffer from severe emotional distress and emotional anguish.

56. As a direct result of the aforementioned conduct of the Defendants, Mr. Hernandez seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 5
### (Negligence -- Against Defendant District of Columbia, Roccato, and Unidentified Defendants)

57.     Plaintiff alleges paragraphs 1-56 as if fully set forth herein.

58.     At all time relevant herein, Officer Roccato and the unidentified individual Defendants were acting within the scope of their employment by the District of Columbia.

59.     Defendants Roccato, District of Columbia and the unidentified Defendants owed a duty of reasonable care to, among other things:  (1) perform their duties in a lawful manner, (2) perform their police duties without the use of excessive force, (3) to arrest and/or prosecute Mr. Hernandez only on the basis of probable cause, and/or (4) report the facts surrounding the events of March 12, 2005 in an honest and complete manner.

60.     Defendants breached this duty when Officer Roccato and other unidentified Defendants:  falsely attested that Plaintiff pushed Officer Roccato, falsely attested that Plaintiff clenched his fist and attempted to strike Officer Rosette, falsely attested that Mr. Hernandez raised his hands in an aggressive manner, falsely attested that Plaintiff ignored police orders, omitted to tell prosecutors that Officer Roccato attacked Plaintiff without cause, omitted to inform prosecutors that Officer Roccato and others arrested Plaintiff without cause, omitted to inform prosecutors that every civilian witness disputed the officers version of the events leading up to the arrest of Mr. Hernandez and induced a witness to submit a false statement.

61.     The failure of Defendants to uphold their duty of reasonable care to perform their duties in a lawful manner was the direct and proximate cause of Plaintiff's injuries.

62.     As a result of the negligence of the Defendants, Plaintiff suffered physical pain, discomfort, fear, anxiety, emotional distress, embarrassment, and humiliation.

63. As a result of the aforementioned conduct of the Defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

### COUNT 6
### (Abuse of Process -- Against Defendant District of Columbia, Roccato, and Unidentified Defendants)

64. Plaintiff alleges paragraphs 1-63 as if fully set forth herein.

65. At all time relevant herein, Officer Roccato and the unidentified individual Defendants were acting within the scope of their employment by the District of Columbia.

66. Officer Roccato and the unidentified individual Defendants falsely, unlawfully, and intentionally detained and arrested Mr. Hernandez.

67. At no time did Officer Roccato or the unidentified individual Defendants have a good faith reasonable belief in the validity of the arrest or detention of Mr. Hernandez.

68. At no time did Officer Roccato and the unidentified individual Defendants have probable cause to arrest or detain Plaintiff.

69. At no time did Officer Roccato and the unidentified individual Defendants have a reasonable belief or suspicion that Plaintiff actually committed any offense or illegal act.

70. Defendant District of Columbia, by and through the conduct of Officer Roccato and the unidentified individual Defendants, falsely, unlawfully, and intentionally detained and arrested Mr. Hernandez.

71. Defendants failed to investigate this charge because they were motivated by actual malice towards Plaintiff.

72. On or about March 12, 2005, Defendants, through Officer Roccato and the unidentified individual Defendants, referred Plaintiff to the United States Attorney's Office for the

District of Columbia for criminal prosecution.

73. Defendants maliciously instituted criminal proceedings against Plaintiff.

74. Mr. Hernandez was charged, by way of Information, with one count of Assault against Officer Roccato.

75. Said charges were instituted to hide Defendants' illegal conduct and to impede willfully Plaintiff's pursuit of civil remedies arising from her unlawful arrest.

76. By instituting the aforesaid proceedings, Defendants willfully misused the criminal process for an improper purpose, namely, as a device to hide Defendants' illegal conduct and to impede willfully Plaintiff's pursuit of civil remedies arising from his unlawful arrest.

77. As a result of Defendants' improper use of process, Mr. Hernandez suffered physical pain and injury, anxiety, emotional distress, embarrassment and humiliation.

78. As a direct result of the aforementioned conduct of defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

### COUNT 7
**(Malicious Prosecution -- Against Defendant District of Columbia, Roccato, and Unidentified Defendants)**

79. Plaintiff alleges paragraphs 1-78 as if fully set forth herein.

80. At all time relevant herein, Officer Roccato and the unidentified individual Defendants were acting within the scope of their employment by the District of Columbia.

81. Officer Roccato falsely, unlawfully, intentionally and without probable cause or good faith detained and arrested Plaintiff.

82. Defendants failed to investigate this charge because they were motivated by actual malice toward Plaintiff.

83. On or about March 12, 2005, Defendants, through Officer Roccato, referred Mr. Hernandez to the United States Attorney's Office for the District of Columbia for criminal prosecution.

84. Evidence provided by Defendants, through Officer Roccato, caused the United States Attorney's Office for the District of Columbia to charge Plaintiff, through an Information, for Assault on March 12, 2005.

85. This charge was dismissed prior to trial.

86. Defendants acted with malice and without probable cause in causing the information against Plaintiff to be handed up and in the prosecution of the case because Defendants were aware of the falsity of the charge against Mr. Hernandez.

87. Defendants willfully and maliciously instituted the criminal proceedings against Plaintiff in an effort to hide their illegal conduct and to impede willfully her pursuit of available civil remedies arising from her unlawful arrest.

88. As a result of Defendants' improper use of process, Plaintiff suffered physical pain and injury, anxiety, emotional distress, embarrassment and humiliation.

89. As a direct result of the aforementioned conduct of defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 8
### (False Imprisonment -- Against Defendant District of Columbia, Roccato, and Unidentified Defendants)

90. Plaintiff alleges paragraphs 1-89 as if fully set forth herein.

91. At all time relevant herein, Officer Roccato and the unidentified individual Defendants were acting within the scope of their employment by the District of Columbia.

92. Officer Roccato and the unidentified individual Defendants falsely, unlawfully, and intentionally detained and arrested Mr. Hernandez.

93. At no time did Officer Roccato and the unidentified individual Defendants have a good faith reasonable belief in the validity of the arrest or detention of Mr. Hernandez.

94. At no time did Officer Roccato and the unidentified individual Defendants have probable cause to arrest or detain Plaintiff.

95. At no time did Officer Roccato and the unidentified individual Defendants have a reasonable belief or suspicion that Plaintiff actually committed any offense or illegal act.

96. Defendant District of Columbia, by and through the conduct of Officer Roccato and the unidentified individual Defendants, falsely, unlawfully, and intentionally detained and arrested Plaintiff.

97. At the time of his arrest, Defendants, through Officer Roccato, placed Plaintiff in handcuffs, transported him to jail and caused him to remain incarcerated for a period of time.

98. Such actions by Officer Roccato and the unidentified individual Defendants caused Plaintiff to be unlawfully deprived of his liberty.

99. Plaintiff was detained against his will for several hours.

100. As a result of the actions by the Defendants, through Officer Roccato, Mr. Hernandez

suffered and continues to suffer damage from being unlawfully held against her will for an extended period of time.

    101.    As a direct result of the aforementioned conduct of defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 9
### (Respondeat Superior)

    102.    Plaintiff alleges paragraphs 1-101 as if fully set forth herein.

    103.    At all relevant times herein, Defendant Roccato and the unidentified individual Defendants were acting within the course and scope of their employment as officers, agents, servants and/or employees of Defendants District of Columbia.

    104.    Defendant District of Columbia is liable for compensatory damages under the doctrine of respondeat superior for the negligent, intentional and/or reckless acts and/or omissions of Defendant Roccato and the unidentified individual Defendants committed within the course and scope of their employment.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

a.) Against Defendants Roccato and the unidentified individual Defendants, adjudging them liable for violating the rights of Mr. Hernandez, Sr., under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

b.) Against Defendants District of Columbia, Roccato and the unidentified individual Defendants, adjudging them liable in favor of Mr. Hernandez, for false arrest, abuse of process and malicious prosecution;

c.) Against Defendants District of Columbia, Roccato and the unidentified individual Defendants, adjudging them liable in favor of Mr. Hernandez, for intentional infliction of emotional distress and for negligence;

d.) Against Defendants District of Columbia, Roccato and the unidentified individual Defendants, adjudging them liable in favor of Mr. Hernandez, for assault and false imprisonment;

e.) From Defendants District of Columbia, Roccato and the unidentified individual Defendants, jointly and severally, an award of damages in such amounts as will be proved at trial in favor of Mr. Hernandez, to compensate him for the injuries proximately caused by the Defendants' wrongful conduct, including without limitation the following:

   i.) The wrongful seizure and detention;

   ii.) The wrongful arrest;

   iii.) Detention and incarceration at the Metropolitan Police Department and D.C. Jail;

   iv.) The costs of his defense in Superior Court Case No. M-2340-05, including attorneys' fees;

   vi.) Pain and suffering, both physical and mental; and

   vii.) Public humiliation.

f.) From Defendants District of Columbia, Roccato and the unidentified individual Defendants, jointly and severally, an award of damages in such amounts as will be proved at trial in favor of Mr. Hernandez to compensate him for mental pain and suffering;

g.) From Defendants Roccato and the unidentified individual Defendants, an award of punitive damages in favor of Plaintiff in such amounts as will be proved at trial;

  h.) From Defendants District of Columbia, Roccato and the unidentified individual Defendants, jointly and severally, pre- and post-judgment interest, to the full extent that the same may be allowed by law; and

  i.) From Defendants District of Columbia, Roccato and the unidentified individual Defendants, jointly and severally, an award of costs and expenses of the present action, including reasonable attorneys' fees, to the full extent permitted by 42 U.S.C. § 1988 and any other applicable statute, rule, or law.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues and claims so triable.

                                            Respectfully submitted,

                                            GREGORY HERNANDEZ
                                            By Counsel

                                            MALLON & McCOOL, LLC


By:      _____
           STEVEN J. McCOOL
           D.C. Bar #429369
           JOSEPH T. MALLON, Jr.
           D.C. Bar # 441376
           MALLON & McCOOL, LLC
           1750 K Street, N.W.
           Suite 600
           Washington, D.C. 20006
           Phone: (202) 393-7088
           Fax:    (202) 293-3499

           Counsel for Plaintiff