# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY HERNANDEZ** : | |
| **9350 SW 93rd Place** : | |
| **Miami, Florida 33176** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **Civil Action No.: 1:06v00442** |
| : | **The Honorable Henry H. Kennedy,** |
| **Jr.** | |
| **THE DISTRICT OF COLUMBIA** : | |
| **A Municipal Corporation** : | |
| **441 4th Street, N.W.** : | |
| **Washington, D.C. 20001,** : | |
| : | |
| **OFFICER LEONARD ROCCATO** : | |
| **DISTRICT OF COLUMBIA** : | |
| **METROPOLITAN POLICE DEPARTMENT** : | |
| **Badge Number 2084** : | |
| **Fifth District Police Station** : | |
| **1805 Bladensburg Road, N.W.** : | |
| **Washington, D.C. 20002,      and** : | |
| : | |
| **THREE UNKNOWN AGENTS OF THE** : | |
| **DISTRICT OF COLUMBIA** : | |
| : | |
| **Defendants.** : | |

## FIRST AMENDED COMPLAINT

Gregory Hernandez (also referred to herein as "Mr. Hernandez" and "Plaintiff"), by and

through his attorneys, Steven J. McCool, Joseph T. Mallon, Jr. and Mallon & McCool, LLC, sues

the District of Columbia, Metropolitan Police Department ("MPD") Officer Leonard Roccato (also

referred to herein as "Officer Roccato" and "Defendant Roccato"), in his individual capacity and in

his official capacity as an employee, agent and servant of the District of Columbia and the

Metropolitan Police Department, and three unidentified agents of the District of Columbia, in their

individual capacities and in their official capacities as employees, agents and servants of the District of Columbia and the Metropolitan Police Department, and states as follows:

## PARTIES AND JURISDICTION

1.      Gregory Hernandez is a resident of the State of Florida.

2.      The Defendant District of Columbia is a municipal corporation charged with maintaining and operating the Metropolitan Police Department, its agents, employees and servants.

3.      The individual Defendants, MPD Officer Leonard Roccato and the three unidentified agents of the District of Columbia are employees, servants or agents of the government of the District of Columbia.  MPD Officer Roccato and the three unidentified agents are being sued in their individual and official capacities.

4.      On May 31, 2005, pursuant to D.C. Code §12-309, Mr. Hernandez timely noticed his intention to file a claim against the District of Columbia.

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343, D.C. Code §§ 11-921 and 13-423, this being an action authorized by law to redress the deprivation under color of District of Columbia law, statute, ordinance, regulation, custom and a usage of right, privilege and immunity secured to the Plaintiff by the Fourth and Fifth Amendments to the United States Constitution.  Plaintiff also invokes the supplemental jurisdiction of this Court over Plaintiff's state claims against the Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims are part of the same case or controversy.  Venue is established in this Court pursuant to 28 U.S.C. § 1391, since the actions Plaintiff complains of occurred and arose in the District of Columbia.

# FACTUAL BACKGROUND

6.      The incidents giving rise to this civil action occurred at approximately 2:00 a.m. on or around March 12, 2005.  On or about that date and time, Plaintiff, a Catholic University student, was inside Johnny K's, located at 3541 12th Street, N.W. Washington, D.C.

7.      Inside Johnny K's, another patron, who was also a Catholic University student, knocked a drink out of Plaintiff's hand.  Employees of Johnny K's escorted Plaintiff and the other patron outside of the establishment.

8.      Outside, the patron struck Plaintiff in the face.  Plaintiff did not fight back.  Another employee of Johnny K's interceded and the altercation ended.

9.      Notwithstanding, Defendant Roccato ran up to Plaintiff from the rear and struck him on the head with a metal baton.  One witness described the impact as sounding like a shotgun had been fired.  Plaintiff repeatedly asked the officer to stop and said he did not do anything.  Officer Roccato continued to strike the Plaintiff, and witnesses observed that Mr. Hernandez was bleeding profusely.

10.      Witnesses yelled at Officer Roccato and told him to stop striking Plaintiff.  One of the employees of Johnny K's told Roccato that Plaintiff had done nothing wrong.  She then observed Roccato and other officers push Plaintiff into a window and drag him down the street.  She saw blood on the window and on the ground after they left.  When asked to describe what she saw, the employee said, "it was a Rodney King beating."

11.      Afterward, Officer Roccato refused to identify himself to any of the witnesses who asked for his name and badge number.  The other officers who were present refused to identify themselves and/or to provide Officer Roccato's name and badge number to witnesses upon their

request.

12.     Acting in concert, Defendant Roccato and other unidentified Defendants arrested Plaintiff, despite his innocence, for Assaulting a Police Officer (Felony).

13.     Plaintiff was transported from the scene to George Washington University Hospital. Plaintiff suffered a fracture of the left frontal bone and a concussion.  Mr. Hernandez also received 15 stitches, both subcutaneously and on the surface of his scalp, to close the lacerations to his head.

14.     Later that morning, around 3:00 a.m., unidentified Defendants, who are or were members of the Metropolitan Police Department, went to Catholic University and spoke with the Johnny K's patron who was involved in the initial incident with the Plaintiff.  The officers induced this witness to sign a false statement indicating Defendant Roccato did not use excessive force against Plaintiff.

15.     Acting in concert, the individual Defendants and other unidentified officers swore to a false complaint and caused Plaintiff to be charged in *United States v. Gregory Hernandez,* Criminal Case No. M-2340-05 with Assault (Misdemeanor).

16.     Defendant Roccato, in violation of the General Orders of the Metropolitan Police Department, presented the case by himself to the Office of the United States Attorney for the District of Columbia for review.

17.     Acting in concert, the individual Defendants and other unidentified officers secured this prosecution through a series of falsehoods and omissions, including, but not limited to:  falsely attesting that Plaintiff pushed Officer Roccato, falsely attesting that Plaintiff clenched his fist and attempted to strike Officer Roccato, falsely attesting that Plaintiff raised his hands in an aggressive

manner, falsely attesting that Plaintiff ignored police orders, omitting to tell prosecutors that Officer Roccato attacked Plaintiff without cause, omitting to inform prosecutors that Officer Roccato and others arrested Plaintiff without cause, omitting to inform prosecutors that every civilian witness disputed the officers' version of the events leading up to the arrest of Plaintiff and inducing a witness to submit a false statement.

18.    The United States dismissed this case prior to trial on July 28, 2005.

19.    On November 14, 2005, Plaintiff moved to seal the records of his arrest in *United States v. Gregory Hernandez,* Criminal Case No. M-2340-05 under Rule 118 of the Superior Court Rules of Criminal Procedure. The United States did not oppose Plaintiff's motion.

20.    On December 13, 2005, the Honorable Zinora M. Mitchell-Rankin, Associate Judge, Superior Court of the District of Columbia, granted Plaintiff's motion, finding by clear and convincing evidence that Plaintiff did not commit the offense for which he was arrested.

21.    Plaintiff did not do or say anything that would lead a reasonable person in Officer Roccato's position to physically assault, handcuff, arrest and berate him. Officer Roccato did not have probable cause to arrest Plaintiff, nor did he have any reason to use force in dealing with Plaintiff. Plaintiff conducted himself as any reasonable person would in his position.

22.    As a result of the incident, Mr. Hernandez suffered physical pain and injury at the hands of Defendant Roccato, was falsely arrested, was physically restrained for an unreasonable duration, was humiliated, was deprived of his constitutional rights, suffered and continues to suffer extreme emotional distress, and has incurred significant medical expenses and legal expenses to defend himself against these false charges and to seal his criminal record.

## **COUNT 1**

5

**(Under 42 U.S.C. § 1983 for Denial of Civil Rights –
Against Defendant Roccato and Unidentified Defendants)**

23.     Plaintiff alleges paragraphs 1-22 as if fully set forth herein.

24.     Acting under color of District of Columbia law, Defendants Roccato and other unidentified officers violated Plaintiff's rights secured under the Fourth and Fifth Amendments to the United States Constitution in the following ways:

25.     They violated Plaintiff's rights under the Fourth Amendment by arresting him without probable cause.

26.     They violated Plaintiff's Fourth Amendment rights by depriving him of his right to be secure in his person against unreasonable seizures and his substantive due process rights under the Fifth Amendment by using excessive force in striking Plaintiff and fracturing his skull.  No reasonable police officer would have found this amount of force employed by Defendant Roccato to have been lawful.

27.     Defendant Roccato and other unidentified officers violated Plaintiff's rights under the Due Process Clause of the Fifth Amendment by instigating prosecution against him upon false and misleading statements and omissions.  They violated Plaintiff's due process rights by failing to present evidence of Plaintiff's actual innocence to the United States Attorney's Office at the time the case was presented for review.

28.     They violated Plaintiff's rights under the Due Process Clause of the Fifth Amendment by ignoring and failing to investigate evidence that conclusively established his innocence and would have led to his release before March 13, 2005 or prevented his arrest in the first place.

29.     As the foreseeable and proximate result of these violations, Mr. Hernandez has

suffered substantial injury.  As a direct result of the aforementioned conduct of Defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 2

### (Under 42 U.S.C. § 1983 for Denial of Civil Rights – Against Defendant District of Columbia)

30.     Plaintiff alleges paragraphs 1-29 as if fully set forth herein.

31.     It was the policy, custom or practice of Defendant District of Columbia to allow its police officers, including Defendant Roccato, to use ASP batons without legitimate cause during encounters with citizens in violation of the Fourth Amendment.

32.     It was the policy, custom or practice of Defendant District of Columbia to inadequately discipline Defendant Roccato and other police officers who misused ASP batons in a constitutionally impermissible manner.

33.     It was the policy, custom or practice of Defendant District of Columbia to inadequately train Defendant Roccato and other police officers on the proper use of ASP batons.

34.     Defendant District of Columbia was deliberately indifferent to the use of ASP batons by Defendant Roccato and other police officers.

35.     The violations of Plaintiff's constitutional rights were the product of this policy, custom, practice and/or deliberate indifference by Defendant District of Columbia.

36.     It was the policy, custom or practice of Defendant District of Columbia to allow its police officers to initiate criminal charges and prosecution of citizens upon false and misleading statements and omissions in violation of the Fifth Amendment.

37.    It was the policy, custom or practice of Defendant District of Columbia to inadequately discipline Defendant Roccato and other police officers who initiated criminal charges and prosecution of citizens upon false and misleading statements and omissions in violation of the Fifth Amendment.

38.    It was the policy, custom or practice of Defendant District of Columbia to inadequately train Defendant Roccato and other police officers on the constitutionally permissible way to initiate criminal charges and prosecution of citizens.

39.    Defendant District of Columbia was deliberately indifferent to the initiation of criminal charges and prosecution of citizens by Defendant Roccato and other officers upon false and misleading statements and omissions in violation of the Fifth Amendment.

40.    The violations of Plaintiff's constitutional rights were the product of this policy, custom, practice and/or deliberate indifference by Defendant District of Columbia.

41.    It was the policy, custom or practice of Defendant District of Columbia to allow Defendant Roccato and other police officers to ignore exculpatory evidence and/or evidence of actual innocence in deciding whether to initiate criminal charges and prosecution of citizens in violation of the Fifth Amendment.

42.    It was the policy, custom or practice of Defendant District of Columbia to inadequately discipline Defendant Roccato and other police officers who ignored exculpatory evidence and/or evidence of actual innocence when initiating criminal charges and prosecution of citizens in violation of the Fifth Amendment.

43.    It was the policy, custom or practice of Defendant District of Columbia to inadequately train Defendant Roccato and other police officers on the duty to consider exculpatory

evidence and/or evidence of actual innocence when deciding whether to initiate criminal charges and prosecution of citizens.

44.   Defendant District of Columbia was deliberately indifferent to the practice of Defendant Roccato and other police officers to ignore exculpatory evidence and/or evidence of actual innocence in deciding whether to initiate criminal charges and prosecution of citizens.

45.   The violations of Plaintiff's constitutional rights were the product of this policy, custom, practice and/or deliberate indifference by Defendant District of Columbia.

46.   It was the policy, custom or practice of Defendant District of Columbia to allow Defendant Roccato and other police officers who are putative complainants to present the related charges to prosecutors who decide whether to proceed with a criminal prosecution.

47.   It was the policy, custom or practice of Defendant District of Columbia to inadequately discipline Defendant Roccato and other police officers who are putative complainants to present the related charges to prosecutors who decide whether to proceed with a criminal prosecution.

48.   It was the policy, custom or practice of Defendant District of Columbia to inadequately train Defendant Roccato and other police officers who are putative complainants to present the related charges to prosecutors who decide whether to proceed with a criminal prosecution.

49.   Defendant District of Columbia was deliberately indifferent to the practice of Defendant Roccato and other police officers who are putative complainants to present the related charges to prosecutors who decide whether to proceed with a criminal prosecution.

50.    The violation of Plaintiff's Fifth Amendment rights was the product of this policy, custom, practice and/or deliberate indifference by Defendant District of Columbia.

51.    It was the policy, custom or practice of Defendant District of Columbia to allow Defendant Roccato and other police officers to arrest citizens without probable cause.

52.    It was the policy, custom or practice of Defendant District of Columbia to inadequately discipline Defendant Roccato and other police officers who arrest citizens without probable cause.

53.    It was the policy, custom or practice of Defendant District of Columbia to inadequately train Defendant Roccato and other police officers on the standard by which officers are permitted to arrest citizens.

54.    Defendant District of Columbia was deliberately indifferent to the practice of Defendant Roccato and other police officers who arrest citizens without probable cause.

55.    The violations of Plaintiff's Fourth and Fifth Amendment rights were the product of this policy, custom, practice and/or deliberate indifference by Defendant District of Columbia.

56.    At all times relevant herein, it has been the custom of Metropolitan Police Department officers to remain impassive while witnessing the misconduct of another police officer. It has also been the custom of Metropolitan Police Department officers to feign ignorance of the misconduct of the other police officers and to conceal their identities from the public.

57.    At all times relevant herein, the District of Columbia has known about the above described customs and has known that its police officers are unwilling to come forward to implicate other police officers in wrongdoing.  The District of Columbia has also known that this "code of silence" encourages, facilitates and causes additional wrongdoing.

10

58.     At all times relevant, the District of Columbia has been deliberately indifferent to this "code of silence."

59.     The deliberate indifference of the District of Columbia to the "code of silence" among its police officers amounts to a municipal policy, custom or practice.

60.     As the direct and proximate result of the District of Columbia's deliberate indifference to the "code of silence" police officers stood by and refused to identify themselves during and after Defendant Roccato and other unidentified officers engaged in the constitutional and common law wrongdoing alleged in this complaint.

61.     At all relevant times herein the supervisors who supervised Defendant Roccato and other officers who unlawfully violated Plaintiff's constitutional rights encouraged and/or tolerated the policies and practices described in the foregoing paragraphs.

62.     As the foreseeable and proximate result of these violations, Mr. Hernandez has suffered substantial injury.  As a direct result of the aforementioned conduct of Defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 3

### (Assault – Against Defendants District of Columbia, Roccato, and Unidentified Defendants)

63.     Plaintiff alleges paragraphs 1-62 as if fully set forth herein.

64.     At all times relevant herein, Officer Roccato and the unidentified individual Defendants and officers were acting within the scope of their employment by the District of Columbia.

65.     By physically striking Mr. Hernandez and throwing him into a wall, Officer Roccato intentionally caused a harmful and offensive bodily contact upon Plaintiff.

66.     By physically striking Plaintiff and throwing him into a wall, Officer Roccato used excessive force, or force beyond that which any objectively reasonable police officer would believe to be lawful under the circumstances.

67.     At the time Officer Roccato struck and physically restrained Plaintiff and pushed him into the wall, and at all times relevant to the complained of incidents, Mr. Hernandez posed no threat whatsoever to Defendant Roccato.

68.     At the time Officer Roccato struck and physically restrained Plaintiff and pushed him into the wall, and at all times relevant to the complained of incidents, Defendant Roccato did so without legal justification.

69.     Defendant District of Columbia, by and through the conduct of Officer Roccato, intentionally and unlawfully committed harmful and offensive bodily contacts upon Mr. Hernandez.

70.     As a direct and proximate result of the intentional conduct of Defendant Roccato, Plaintiff suffered physical pain and injury, anxiety, emotional distress, embarrassment and

humiliation.

71.     As a direct result of the aforementioned conduct of the Defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 4

**(False Arrest – Against Defendant District of Columbia,
Defendant Roccato, and Unidentified Defendants)**

72.     Plaintiff alleges paragraphs 1-71 as if fully set forth herein.

73.     At all times relevant herein, Officer Roccato and/or the unidentified individual Defendants and officers were acting within the scope of their employment by the District of Columbia.

74.     Officer Roccato and/or other unidentified Defendants and officers falsely, unlawfully and intentionally arrested Mr. Hernandez.

75.     At no time did Defendant Roccato and/or the unidentified Defendants and officers have probable cause to arrest Plaintiff.

76.     At no time did Officer Roccato and/or the unidentified Defendants and officers have a reasonable suspicion to stop Plaintiff.

77.     The actions of Defendant Roccato and/or the unidentified Defendants were not reasonably related in scope to any circumstance which could have justified a stop of Mr. Hernandez.

78.     Defendant District of Columbia, by and through the conduct of Officer Roccato and/or the unidentified Defendants and officers, falsely, unlawfully, and intentionally detained and arrested Mr. Hernandez.

79.     As a direct and proximate result of the intentional conduct of Defendant Roccato

13

and/or the unidentified Defendants and officers, Plaintiff suffered physical pain and injury, anxiety, emotional distress, embarrassment and humiliation.

80.     As a direct result of the aforementioned conduct of the Defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 5

**(Intentional Infliction of Emotional Distress - Against Defendant
District of Columbia, Defendant Roccato, and Unidentified Agents)**

81.     Plaintiff alleges paragraphs 1-80 as if fully set forth herein.

82.     At all times relevant herein, Officer Roccato and the unidentified individual Defendants and officers were acting within the scope of their employment by the District of Columbia.

83.     Defendant Roccato and other unidentified individual Defendants and officers intentionally inflicted emotional distress, pain, embarrassment, humiliation, and fear upon Mr. Hernandez by his extreme and outrageous conduct toward Plaintiff.

84.     Officer Roccato and other unidentified individual Defendants and officers intentionally or recklessly abused his authority as MPD officers to intimidate, threaten, demean, and injure Plaintiff.

85.     Officer Roccato's actions were calculated to inflict pain, fear, anxiety, emotional distress, embarrassment, and humiliation upon Plaintiff.

86.     Defendant Roccato knew or should have known that Mr. Hernandez would suffer emotional distress as a result of his conduct.

87.     Defendant District of Columbia, by and through the conduct of Officer Roccato and

the other unidentified Defendants, intentionally inflicted emotional distress, pain, embarrassment, humiliation, and fear upon Plaintiff.

88.    As a direct and proximate result of the intentional conduct of the Defendants, Plaintiff suffered and continues to suffer from severe emotional distress and emotional anguish.

89.    As a direct result of the aforementioned conduct of the Defendants, Mr. Hernandez seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 6

**(Negligence -- Against Defendant District of Columbia,
Defendant Roccato, and Unidentified Defendants)**

90.    Plaintiff alleges paragraphs 1-89 as if fully set forth herein.

91.    At all times relevant herein, Officer Roccato and the unidentified individual Defendants and officers were acting within the scope of their employment by the District of Columbia.

92.    Defendants Roccato, District of Columbia and the unidentified Defendants and officers owed a duty of reasonable care to, among other things:  (1) perform their duties in a lawful manner, (2) perform their police duties without the use of excessive force, (3) arrest and/or prosecute Mr. Hernandez only on the basis of probable cause, and/or (4) report the facts surrounding the events of March 12, 2005 in an honest and complete manner.

93.    Defendants breached this duty when Officer Roccato and other unidentified Defendants and officers, among other things:  (1) falsely attested that Plaintiff pushed Officer Roccato, (2) falsely attested that Plaintiff clenched his fist and attempted to strike Defendant Rocatto, (3) falsely attested that Mr. Hernandez raised his hands in an aggressive manner, (4) falsely

15

attested that Plaintiff ignored police orders, (5) omitted to tell prosecutors that Officer Roccato attacked Plaintiff without cause, (6) omitted to inform prosecutors that Officer Roccato and others arrested Plaintiff without cause, (7) omitted to inform prosecutors that every civilian witness disputed the officers' version of the events leading up to the arrest of Mr. Hernandez, and (8) induced a witness to submit a false statement.

94.     The failure of Defendants to uphold their duty of reasonable care to perform their duties in a lawful manner was the direct and proximate cause of Plaintiff's injuries.

95.     As a result of the negligence of the Defendants, Plaintiff suffered physical pain, discomfort, fear, anxiety, emotional distress, embarrassment, and humiliation.

96.     As a result of the aforementioned conduct of the Defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## **COUNT 7**

### **(Abuse of Process -- Against Defendant District of Columbia, Defendant Roccato, and Unidentified Defendants)**

97.     Plaintiff alleges paragraphs 1-96 as if fully set forth herein.

98.     At all times relevant herein, Officer Roccato and the unidentified individual Defendants and officers were acting within the scope of their employment by the District of Columbia.

99.     Officer Roccato and the unidentified individual Defendants or officers falsely, unlawfully, and intentionally detained and arrested Mr. Hernandez.

100.     At no time did Defendant Roccato and/or the unidentified individual Defendants or officers have a good faith reasonable belief in the validity of the arrest or detention of Mr.

Hernandez.

101.    At no time did Officer Roccato and the unidentified individual Defendants have probable cause to arrest or detain Plaintiff.

102.    At no time did Officer Roccato and the unidentified individual Defendants have a reasonable belief or suspicion that Plaintiff actually committed any offense or illegal act.

103.    Defendant District of Columbia, by and through the conduct of Officer Roccato and the unidentified individual Defendants, falsely, unlawfully, and intentionally detained and arrested Mr. Hernandez.

104.    Defendants failed to investigate this charge because they were motivated by actual malice towards Plaintiff.

105.    On or about March 12, 2005, Defendants, through Officer Roccato and the unidentified individual Defendants referred Plaintiff to the United States Attorney's Office for the District of Columbia for criminal prosecution.

106.    Defendants maliciously instituted criminal proceedings against Plaintiff.

107.    Mr. Hernandez was charged, by way of Information, with one count of Assault against Officer Roccato.

108.    Said charges were instituted to hide Defendants' illegal conduct and willfully to impede willfully Plaintiff's pursuit of civil remedies arising from his unlawful arrest.

109.    By instituting the aforesaid proceedings, Defendants willfully misused the criminal process for an improper purpose, namely, as a device to hide Defendants' illegal conduct and to impede willfully Plaintiff's pursuit of civil remedies arising from his unlawful arrest.

110.    As a result of Defendants' improper use of process, Mr. Hernandez suffered physical

17

pain and injury, anxiety, emotional distress, embarrassment and humiliation.

111.    As a direct result of the aforementioned conduct of defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 8

### (Malicious Prosecution -- Against Defendant District of Columbia, Defendant Roccato, and Unidentified Defendants)

112.    Plaintiff alleges paragraphs 1-111 as if fully set forth herein.

113.    At all times relevant herein, Officer Roccato and the unidentified individual Defendants and officers were acting within the scope of their employment by the District of Columbia.

114.    Defendant Roccato and/or the other unidentified Defendants and officers falsely, unlawfully, intentionally and without probable cause or reasonable suspicion detained and arrested Plaintiff.

115.    Defendants failed to investigate this charge because they were motivated by actual malice toward Plaintiff.

116.    On or about March 12, 2005, Defendants, through Officer Roccato, referred Mr. Hernandez to the United States Attorney's Office for the District of Columbia for criminal prosecution.

117.    Evidence provided by Defendants, through Officer Roccato, caused the United States Attorney's Office for the District of Columbia to charge Plaintiff, through an Information, for Assault on March 12, 2005.

118.    This charge was dismissed prior to trial.

18

119.    Defendants acted with malice and without probable cause in causing the information against Plaintiff to be issued in the prosecution of the case because Defendants were aware of the falsity of the charge against Mr. Hernandez.

120.    Defendants willfully and maliciously instituted the criminal proceedings against Plaintiff in an effort to hide their illegal conduct and to impede willfully his pursuit of available civil remedies arising from his unlawful arrest.

121.    As a result of Defendants' malicious prosecution , Plaintiff was arrested and suffered physical pain and injury, anxiety, emotional distress, embarrassment and humiliation.

122.    As a direct result of the aforementioned conduct of Defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 9

### (False Imprisonment -- Against Defendant District of Columbia, Defendant Roccato, and Unidentified Defendants)

123.    Plaintiff alleges paragraphs 1-122 as if fully set forth herein.

124.    At all times relevant herein, Officer Roccato and the unidentified individual Defendants and officers were acting within the scope of their employment by the District of Columbia.

125.    Defendant Roccato and the unidentified individual Defendants falsely, unlawfully, and intentionally detained and arrested Mr. Hernandez.

126.    At no time did Officer Roccato and the unidentified individual Defendants have a good faith reasonable belief in the validity of the arrest or detention of Mr. Hernandez.

127.    At no time did Officer Roccato and the unidentified individual Defendants and

officers have probable cause to arrest or reasonable suspicion to stop Plaintiff.

128.    At no time did Defendant Roccato and the unidentified individual Defendants and officers have a reasonable belief or suspicion that Plaintiff actually committed any offense or illegal act.

129.    Defendant District of Columbia, by and through the conduct of Officer Roccato and the unidentified individual Defendants, falsely, unlawfully, and intentionally detained and arrested Plaintiff.

130.    At the time of his arrest, Defendants, through Defendant Roccato and other unidentified Defendants and officers, placed Plaintiff in handcuffs, transported him to jail and caused him to remain incarcerated for a period of time.

131.    Such actions by Officer Roccato and the unidentified individual Defendants and officers caused Plaintiff to be unlawfully deprived of his liberty.

132.    Plaintiff was detained against his will for several hours.

133.    As a result of the actions by the Defendants, through Officer Roccato and other unidentified Defendants and officers, Mr. Hernandez suffered and continues to suffer damage from being unlawfully held against his will for an extended period of time.

134.    As a direct result of the aforementioned conduct of Defendants, Plaintiff seeks compensatory damages, punitive damages, and any other relief the Court deems appropriate.

## COUNT 10

### (Respondeat Superior)

135.    Plaintiff alleges paragraphs 1-134 as if fully set forth herein.

136.    At all relevant times herein, Defendant Roccato, the unidentified individual Defendants and/or other unidentified Metropolitan Police Department officers were acting within the course and scope of their employment as officers, agents, servants and/or employees of Defendants District of Columbia.

137.    Defendant District of Columbia is liable for compensatory damages under the doctrine of respondeat superior for the negligent, intentional and/or reckless acts and/or omissions of Defendant Roccato, the unidentified individual Defendants, and/or other unidentified Metropolitan Police Department officers committed within the course and scope of their employment.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

a.) Against Defendants Roccato and the unidentified individual Defendants, adjudging them liable for violating the rights of Mr. Hernandez under the Fourth, and Fifth Amendments to the United States Constitution;

b.) Against Defendants District of Columbia, Roccato and the unidentified individual Defendants, adjudging them liable in favor of Mr. Hernandez, for false arrest, abuse of process and malicious prosecution;

c.) Against Defendants District of Columbia, Roccato and the unidentified individual Defendants, adjudging them liable in favor of Mr. Hernandez, for intentional infliction of emotional distress and for negligence;

21

d.)  Against Defendants District of Columbia, Roccato and the unidentified individual Defendants, adjudging them liable in favor of Mr. Hernandez, for assault and false imprisonment;

e.)  From Defendants District of Columbia, Roccato and the unidentified individual Defendants, jointly and severally, an award of damages in such amounts as will be proved at trial in favor of Mr. Hernandez, to compensate him for the injuries proximately caused by the Defendants' wrongful conduct, including without limitation the following:

i.)  The wrongful seizure and detention;

ii.)  The wrongful arrest;

iii.)  Detention and incarceration at the Metropolitan Police Department;

iv.)  The costs of his defense in District of Columbia Superior Court Case No. M-2340-05, including attorneys' fees;

vi.)  Pain and suffering, both physical and mental; and

vii.)  Public humiliation.

f.)  From Defendants District of Columbia, Roccato and the unidentified individual Defendants, jointly and severally, an award of damages in such amounts as will be proved at trial in favor of Mr. Hernandez to compensate him for legal fees incurred in sealing the records of his arrest in District of Columbia Superior Court Case No. M-2340-05;

g.)  From Defendants Roccato and the unidentified individual Defendants, an award of punitive damages in favor of Plaintiff in such amounts as will be proved at trial;

h.) From Defendants District of Columbia, Roccato and the unidentified individual Defendants, jointly and severally, pre- and post-judgment interest, to the full extent that the same may be allowed by law; and

i.)   From Defendants District of Columbia, Roccato and the unidentified individual Defendants, jointly and severally, an award of costs and expenses of the present action, including reasonable attorneys' fees, to the full extent permitted by 42 U.S.C. § 1988 and any other applicable statute, rule, or law.

## **REQUEST FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury on all issues and claims so triable.

Respectfully submitted,

GREGORY HERNANDEZ
By Counsel

MALLON & McCOOL, LLC

By:   _____/s/_____
STEVEN J. McCOOL
D.C. Bar #429369
JOSEPH T. MALLON, Jr.
D.C. Bar # 441376
MALLON & McCOOL, LLC
1750 K Street, N.W.
Suite 600
Washington, D.C. 20006
Phone: (202) 393-7088
Fax:    (202) 293-3499

Counsel for Plaintiff